The Honorable Frank N. Wanicka Sheriff Lee County 1700 Monroe Street Fort Myers, Florida 33901 Attention: Lieutenant James O. Drake
Dear Sheriff Wanicka:
You have asked substantially the following question:
 Whether liens or salvage titles and the 45 day waiting period imposed by s. 713.78(5), F.S., apply to abandoned "junk" motor vehicles which are removed pursuant to s. 705.103, F.S.
In summary:
 Abandoned vehicles which are removed at the request of a law enforcement agency pursuant to the provisions of s. 705.103, F.S., are subject to the lien provisions in s. 713.78, F.S.
Section 705.103, F.S., provides the procedure for removal of lost or abandoned property[1] present on public property. If lost or abandoned property is present on public property and "is of such nature that it cannot be easily removed," law enforcement officers must place a prescribed notice upon the property.
Section 705.103(2), F.S., provides that the notice be in substantially the following form:
 NOTICE TO THE OWNER AND ALL PERSONS INTERESTED IN THE ATTACHED PROPERTY. This property, to wit: (setting forth brief description) is unlawfully upon public property known as (setting forth brief description of location) and must be removed within 5 days; otherwise, it will be removed and disposed of pursuant to chapter 705, Florida Statutes. The owner will be liable for the costs of removal, storage, and publication of notice. Dated this: (setting forth the date of posting of notice), signed: (setting forth name, title, address, and telephone number of law enforcement officer). (e.s.)
If the abandoned property is a motor vehicle, as defined by s.320.01, F.S., the law enforcement agency must contact the Department of Highway Safety and Motor Vehicles to determine the owner's and lienholder's name and address.[2] Upon receipt of this information, a copy of the notice must be sent by certified mail, return receipt requested, to the owner and lienholder. If, at the end of five days after posting and mailing the notice, the owner or interested person has not removed the abandoned motor vehicle or shown reasonable cause for failure to do so, the law enforcement agency may
 retain any or all of the property for its own use or for use by the state or unit of local government, trade such property to another unit of local government or state agency, donate the property to a charitable organization, sell the property, or notify the appropriate refuse removal service.[3]
(e.s.)
Section 705.103, F.S., further provides that the owner of abandoned property who does not remove the property within the specified time "shall be liable to the law enforcement agency for all costs of removal, storage, and destruction of such property, less any salvage value obtained by disposal of the property."[4]
(e.s.) Moreover, the "rightful owner shall be liable for the law enforcement agency's costs for transportation and storage of lost or abandoned property and the agency's cost for publication of notice of disposition of lost property."[5] (e.s.)
Thus, the language in s. 705.103, F.S., indicates that law enforcement agencies will incur the costs of handling abandoned property, since the statute makes the owner of the property ultimately liable to the agency for all costs of removal, storage and destruction which the agency has incurred.
While Ch. 705, F.S., contemplates that law enforcement agencies will incur the costs of handling abandoned property, it also authorizes them to notify the appropriate refuse removal service to remove the abandoned property from public property. It does not, however, speak to conditions or procedures which the law enforcement agency and the refuse removal service are to follow in removing, storing or destroying the property.
Section 713.78(2), F.S., provides:
 Whenever a person regularly engaged in the business of transporting vehicles by wrecker, tow truck, or car carrier recovers, removes, or stores a vehicle upon instructions from:
* * *
(c) Any law enforcement agency,
 he shall have a lien on such vehicle for a reasonable towing fee and for a reasonable storage fee; except that no storage fee shall be charged if such vehicle is stored for less than 6 hours.
Any vehicle which is stored pursuant to s. 713.78(2), F.S., and remains unclaimed, or for which towing or storage fees are unpaid, may be sold by the owner or operator of the storage space after 45 days from the time the vehicle is stored therein.[6]
In s. 713.78, F.S., the Legislature has prescribed the procedure to be followed by towing and wrecker services to recover the cost of removing or storing abandoned vehicles which were recovered, removed or stored upon the instructions of a law enforcement agency. I have not found, nor have you provided, any statutory provision which would exempt abandoned vehicles from the lien provisions of s. 713.78, F.S., in the event the law enforcement agency does not pay for the removal or storage of the property.[7]
In light of the legislative direction contained in ss. 713.78 and705.103, F.S., I must conclude that abandoned vehicles which are removed at the request of a law enforcement agency pursuant to the provisions of s. 705.103, F.S., would be subject to the lien provisions in s. 713.78, F.S.[8]
Sincerely,
Robert A. Butterworth Attorney General (ls)
[1] Section 705.101(3), F.S., defines "[a]bandoned property" as "all tangible personal property which does not have an identifiable owner and which has been disposed on public property in a wrecked, inoperative, or partially dismantled condition or which has no apparent intrinsic value to the rightful owner."
[2] Section 705.103(2), F.S.
[3] Section 705.103(2)(a), F.S.
[4] Section 705.103(4), F.S.
[5] Section 705.103(7), F.S.
[6] See, s. 713.78(5), F.S., providing liens for recovering, towing or storing vehicles and prescribing the procedure, including required notification, for selling unclaimed vehicles.
[7] See, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Thayer v. State,335 So.2d 815 (Fla. 1976) (where the Legislature has directed how a thing shall be done, it is in effect a prohibition against its being done in any other way).
[8] See, Graham v. Edwards, 472 So.2d 803 (3 D.C.A.Fla., 1985) (statutes on the same subject matter are to be read in harmony with each other, without destroying their evident intent).